# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

VERNON BROWN                                                      PLAINTIFF

V.                                                              NO. 4:09CV068-A-A

ARTHUR SMITH, et al.                                        DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, filed this complaint *pro se* pursuant to 42 U.S.C. § 1983. The Plaintiff is attempting to maintain a claim for a due process violation. As stated, however, the Plaintiff's claim is deficient. Before dismissing his complaint for failure to state a claim, the court allowed the Plaintiff an opportunity to provide additional information and facts that might forestall dismissal. The Plaintiff, however, failed to respond to the court's instructional show cause order.

In his pleadings, the Plaintiff complains of several Rule Violation Reports ("RVR") he received for possession of contraband. The Plaintiff does not deny possessing the items, he simply disputes that the confiscated items were contraband. A disciplinary hearing was held. The Plaintiff, however, claims that the hearing was not conducted by an impartial officer. The Plaintiff further avers that he was moved from one facility to another in "retaliation" for pursuing his grievance through the administrative remedy program. For relief of these perceived transgressions, the Plaintiff asks that the RVRs be expunged from his record.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

**Disciplinary Hearing**

To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. Due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 564-65, 94 S. Ct. 2963. 41 L. Ed. 2d 935 (1974). Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). As long as there is "some evidence" in the record to support the disciplinary decision, due process requirements have been met. *Morgan v. Quaterman*, 570 F.3d 663, 668 (5th Cir. 2009). Furthermore, "a prison official's failure to follow the prison's own policies, procedures or regulations" does not provide a basis for relief. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (confiscation of property is not a constitutional violation); *see also Sharp v. Anderson*, 220 F.3d 587, WL 960568 at *1 (5th Cir. 2000) (placement in administrative segregation after being found not guilty of disciplinary charges did not implicate due process concerns).

The Plaintiff's own allegations defeat his claim. The Plaintiff does not deny that the items considered to be contraband were in his cell. Instead he argues that the items should not be characterized as contraband. Such a determination, as long as supported by "some evidence," does not implicate the Constitution. The Plaintiff admits he was afforded a hearing. He simply takes issue with the outcome. Moreover, given the absence of response to the court's show cause order, the court finds that the Plaintiff has failed to provide sufficient facts to state a claim upon which relief may be granted.

To the extent the Plaintiff has attempted to state a due process claim based on the alleged bias of the hearing officer, it too is unavailing. In light of Plaintiff's failure to respond to the show cause

order providing additional detail, his conclusory allegation of an bias fact finder is insufficient to maintain a 1983 claim.

## Retaliation

Here, the Plaintiff simply avers that "in an act of retaliation [he was] moved him from" one facility to another for processing his claims through the administrative remedy program. To state a claim for retaliation under § 1983, a plaintiff must allege (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for exercise of that right; (3) a retaliatory adverse act; and, (4) causation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Retaliation against a prisoner is actionable only if it is capable of deterring a prisoner of ordinary firmness from further exercising his constitutional rights. *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). An inmate must allege more than *de minimis* retaliation to proceed with a claim. *Morris v. Powell*, 449 F.3d 682, 684-85 (5th Cir. 2006). A single incident involving a minor sanction, is insufficient to prove retaliation. *Id.* at 685 (citing *Gibbs v. Kings*, 779 F.2d 1040, 1046 (5th Cir. 1986)). An inmate's personal belief that he is a victim of retaliation is not sufficient to support a claim. *Jones*, 188 F.3d at 325. Conclusory allegations are also insufficient to establish a claim of retaliation. *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Again, given the absence of supporting facts, the Plaintiff's conclusory retaliation claim cannot stand.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (citing 28 U.S.C. § 2254(a) (1982)); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)). It is well settled that inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248,

1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Since inmates have no right to a particular housing assignment, the Plaintiff has failed to satisfy the first element of a retaliation claim. Additionally, transferring the Plaintiff from one facility to another does not qualify as an "adverse act." *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) (inmate's allegation that defendant retaliated against him by removing him from a job and transferring him to another facility was inadequate to support a retaliation claim because inmate had no constitutionally protected interest in a particular facility or work assignment). The Plaintiff, therefore, cannot state a claim of retaliation based upon being transferred to a different facility.

In the alternative, the Plaintiff has failed to comply with a previous order of the court. The complaint, therefore, may be dismissed for failure to prosecute in accordance with Rule 4l(b) of the, Federal Rules of Civil Procedure.

### Strike

The dismissal of the Plaintiff's frivolous complaint shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Brown is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the __16th__ day of December, 2009.

                                                             **/s/ Sharion Aycock**
                                                             **U.S. DISTRICT JUDGE**